JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-00756-JHN-PLAx | Date | April 8, 2010 |
|---|---|---|---|
| Title | Telscape Communications, Inc. v. Aspect Software, Inc. et al. | | |

| Present: The Honorable | JACQUELINE NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not present                    Not present

**Proceedings:**  ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION   (In Chambers)

On February 2, 2010, Plaintiff Telscape Communications, Inc. ("Telscape") brought this action against defendants Aspect Software, Inc. ("Aspect") and Vortalsoft, Inc ("VortalSoft") for Breach of Contract, Fraud (Intentional Misrepresentation), and Fraud (Negligent Misrepresentation).  Plaintiff filed this action based upon federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff alleges that Telscape, during the relevant time period, was a California corporation doing business in Los Angeles County, California, that Aspect Software is a corporation of unknown origin with its principal place of business in Chelmsford, Massachusetts, and VortalSoft is a corporation of unknown origin with its principal place of business in Somerset New Jersey.

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff.  In determining whether there is diversity between corporate parties, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business.'" *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) abrogated on other grounds by *Hertz Corp. v. Friend*, __ U.S. __, 130 S. Ct. 1181, __ L. Ed. 2d __ (2010); (quoting 28 U.S.C. § 1332(c)(1)) (emphasis added). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp.*, __ U.S. at __, 130 S. Ct. at 1194. "[W]here corporations are involved, the party seeking jurisdiction must allege the state of the corporation's principal place of business *as well as* the state of incorporation."  *United States v. Aldridge*, 56 F.3d 73 (9th Cir. 1995) (Table) (emphasis added).  Moreover, "[a] plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (citation and internal quotation marks omitted).

Rather than "affirmatively and distinctly" alleging that Aspect and VortalSoft are incorporated in states other than California, Plaintiff alleges that they are corporation "of unknown origin."  This is not sufficient to meet the specific pleading requirements for diversity jurisdiction.  Because the Complaint

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-00756-JHN-PLAx | Date | April 8, 2010 |
|---|---|---|---|
| Title | Telscape Communications, Inc. v. Aspect Software, Inc. et al. | | |

does not allege facts necessary to establish diversity as required by 28 U.S.C. § 1332, this action is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. If Plaintiff can correct this pleading defect, it may file an amended complaint no later than April 26, 2010. *See* 28 U.S.C. § 1653.

The hearing set for April 26, 2010 is hereby removed from the Court's calendar and Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted (docket no. 5) is hereby DENIED AS MOOT.

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |